IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAMES ADAMS, #108239** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | )    2:06-CV-591-MHT-DRB |
| **GWENDOLYN MOSLEY, ET AL.** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

## SPECIAL REPORT

COME NOW the Defendants, **Gwendolyn Mosley, Munchie Keaton, Rondell Dennis and Steve Stewart**, by and through undersigned counsel, and in accordance with this Honorable Court's August 29, 2006 Order, offer the following written report.

## PARTIES

1. The Plaintiff, James Adams, is an inmate of the Alabama Prison System.

2. Defendant Gwendolyn Mosley is a Correctional Warden III for the Alabama Department of Corrections currently assigned to Easterling Correctional Facility.

3. Defendant Munchie Keaton is a Correctional Officer I for the Alabama Department of Corrections currently assigned to Easterling Correctional Facility.

4. Defendant Rondell Dennis is a Correctional Officer I for the Alabama Department of Corrections currently assigned to Easterling Correctional Facility.

5. Defendant Steve Stewart is a Correctional Officer I for the Alabama Department of Corrections currently assigned to Easterling Correctional Facility.

1

**EXHIBITS**

EXHIBIT 1 – Affidavit of Warden Gwendolyn Mosley

EXHIBIT 2 – Affidavit of Officer Munchie Keaton

EXHIBIT 3 – Affidavit of Officer Rondell Dennis

EXHIBIT 4 – Affidavit of Officer Steve Stewart

EXHIBIT 5 – Affidavit of Administrative Support Assistant Sharon Blakely

**PLAINTIFF'S CLAIMS**

Plaintiff claims that he has been harassed, and that certain personal property of his (specifically some lotion) was destroyed in retaliation for his filing a separate lawsuit against Warden Mosley and others. Plaintiff demands injunctive relief (to be moved from Easterling Correctional Facility) and $200,000 in damages from each Defendant.

**DEFENDANTS' RESPONSE**

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendants are immune from suit due to qualified immunity.

**STATEMENT OF FACTS**

On June 30, 2006, Officer Keaton was assigned as the kitchen officer. At approximately 9:30 pm on that day, Officer Keaton and Officer Dennis conducted a routine random shakedown on Plaintiff, who was assigned to Dorm 9A-10. Officer

Stewart did not assist in the search of plaintiff. Officer Stewart only briefly observed the shakedown, did not speak with plaintiff, and did not pour out Plaintiff's lotion. No property of plaintiff's was damaged during the search. Officers Stewart, Keaton and Dennis had no knowledge of the other lawsuit plaintiff has pending against Warden Mosley at the time of the shakedown. Warden Mosley has not given and none of the Defendants have received instructions to harass Plaintiff. None of the Defendants have retaliated against Plaintiff for anything.

All incoming mail that is not marked as legal mail is opened and inspected prior to allowing the inmates to have possession of it. Ms. Sharon Blakely records all legal mail on a legal mail pad. Legal mail is then passed out by an officer on second shift. Each inmate must present his State ID to the officer before signing and receiving legal mail. Warden Mosley has never instructed Sharon Blakely or anyone else to open any inmate's legal mail without the inmate being present.

## ARGUMENT

Plaintiff alleges that he has been harassed and certain personal property (a bottle of lotion) was destroyed in retaliation for a lawsuit he filed in the Circuit Court of Montgomery County, Alabama, while an inmate in the Easterling Correctional Facility. Generally speaking, correctional officers may not retaliate against prison inmates for exercising their right of access to the court. *See Wildberger v. Brackness,* 869 F.2d 1467 (11th Cir.1989); *Wright v. Newsome,* 795 F.2d 964 (11th Cir.1986). The First Amendment also prohibits state officials from denying a prisoner's legal right of access to the courts. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Hall v. Sutton,* 755 F.2d 786 (11th Cir.1985). The gist of a retaliation claim is that a prisoner is

penalized for exercising a right of free speech. *Thomas v. Evans,* 880 F.2d 1235, 1241-1242 (11th Cir.1989); *Farrow v. West,* 320 F.3d 1235, 1248 (11th Cir.2003). In prison, however, First Amendment rights are not absolute. *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Legitimate policies and goals of the correction system may justify restrictions limiting prisoners' First Amendment rights. 417 U.S. at 821; *Adams v. James,* 784 F.2d 1077, 1081 (11th Cir.1986). A prisoner retains those First Amendment rights that are 'not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrective system. *Prison Legal News v. Cook,* 238 F.3d 1145, 1149 (9th Cir.2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Prison authorities have a legitimate penological interest in the consistent enforcement of prison rules and disciplining prisoners who attempt to coerce a guard into not enforcing prison rules is reasonably related to that interest. *Hargis v. Foster,* 312 F.3d 404, 409-410 (9 Cir.2002); *see also Jackson v. Cain,* 864 F.2d 1235, 1248 (5 Cir.1989).

Courts must approach prisoner claims of retaliation with skepticism and particular care. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2nd Cir.1983). This is necessary because prisoners' claims of retaliation are easily fabricated and pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official (even those otherwise not rising to the level of a constitutional violation) can be characterized by the prisoner as a constitutionally proscribed retaliatory act. *Johnson v. Gavins,* 2006 WL 827114, (M.D. Ala. 2006).

To present a proper retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corporation,* 794 F.2d 598, 600-601 (11th Cir.1986); *Farrow,* 320 F.3d at 1248; *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2nd Cir.2004); *Morales v. Mackalm,* 278 F.3d 126, 131 (2nd Cir.2002); *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999); *Woods,* 60 F.3d at 1166. (Proper assertion of a claim for retaliation requires that a prisoner allege that correctional officials intended to retaliate for his exercise of a right protected under the First Amendment and, but for the retaliatory motive, the adverse act complained of would not have occurred.) An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that prison officials retaliated against the inmate. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Merely alleging the ultimate fact of retaliation, however, is insufficient. *Cain v. Lane,* 857 F.2d 1139, 1142, n. 6 (7th Cir.1988); *Woods,* 60 F.3d at 1166. Additionally, conclusory allegations are insufficient to demonstrate the existence of each element requisite to establishing retaliation. *Morales,* 278 F.3d at 131; *Bennett v. Goord,* 343 F.3d 133, 137 (2nd Cir.2003) (Because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.")

If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. *Johnson v.*

*Gavins,* 2006 WL 827114, (M.D. Ala. 2006). This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and worthy of credence. The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine, supra.* Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court by sufficient and admissible evidence that the proffered reason for the adverse action is a pretext for retaliation. *Id.*

Plaintiff has alleged that he has been harassed and certain personal property (a bottle of lotion) was destroyed in retaliation for a lawsuit he filed in the Circuit Court of Montgomery County, Alabama, while an inmate in the Easterling Correctional Facility. Arguably, therefore, Plaintiff has satisfied his burden of establishing that he had engaged in protected activities, but he has not demonstrated that he suffered from any adverse action other than routine prison security, or that any action was causally linked to his filing a state court action. *See Donnellon,* 794 F.2d at 600-601. The Defendants, on the other hand, have demonstrated through their affidavits that the "adverse" actions about which Plaintiff complains were reasonable, non-retaliatory, routine prison procedures and were in no way causally linked to Plaintiff's state court lawsuit.

Plaintiff offers on only his conclusory allegation that the Defendants' actions were retaliatory. This court is required to "carefully scrutinize retaliation claims", *Woods,* 60 F.3d at 1166, and assess such claims "with skepticism and particular care[,]" *Dawes,* 239 F.3d at 491. Assuming arguendo that Plaintiff has demonstrated a prima facial case, his conclusory allegations are insufficient to show that the reasons proffered by the

6

Defendants are perpetual. Consequently, the Defendants are entitled to summary judgment on the retaliation claims as Plaintiff has failed to establish a causal relationship between his protected activities and the adverse actions taken against him. *Farrow,* 320 F.3d at 1249; *Johnson v. Gavins,* 2006 WL 827114, (M.D. Ala. 2006).

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly

7

established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendants have not violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

    Respectfully submitted,

    TROY KING
    Attorney General

    /s/ Benjamin H. Albritton
    Benjamin H. Albritton
    Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 – fax

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 27th day of September, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

James Adams, AIS 108239
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017

                                          /s/ Benjamin H. Albritton
                                          Benjamin H. Albritton
                                          Assistant Attorney General