IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES ADAMS, #108 239 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-591-MHT |
| | | (WO) |
| GWENDOLYN MOSLEY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff, James Adams ["Adams"], on July 5, 2006 against Warden Gwendolyn Mosley, Munchie Keeton, Randall Dennis, and Steve Stewart. Adams filed an amended complaint on July 18, 2006. Adams brings this complaint for damages and requests that he be transferred from the Easterling Correctional Facility.[1]

Pursuant to the orders of this court, Defendants filed an answer, special report and supporting evidentiary material addressing Plaintiff's claims for relief. (*Doc. Nos. 16.*) The court then informed Adams that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Adams the proper manner in which to respond to a motion for summary judgment. Adams filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary

---

[1] Since filing this action Adams has been transferred to another prison facility within the State of Alabama.

judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Adams' opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by Defendants, Adams is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Adams has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

## I. DISCUSSION

Adams complains that Defendants ransacked his personal property and destroyed a bottle of lotion in retaliation for a lawsuit he filed against Defendant Mosley. (*Doc. No. 1 at*

3

*3.*) In an amendment to the complaint, Adams alleges that Defendant Stewart verbally threatened him on July 13, 2006 in retaliation for filing the instant action. He further contends that Defendant Mosley had Mrs. Sharon Blakely open his legal mail which he received on July 14, 2006. (*Doc. No. 9 at 1.*)

Defendants maintain that Correctional Officers Dennis and Keeton conducted a random shakedown of Adams' personal property on June 30, 2006. Officer Stewart did not participate in the shakedown but momentarily observed the actions of Officers Dennis and Keeton. Defendants deny that any of Adams' personal property was destroyed or damaged during the search and disclaim any knowledge of Adams' litigation activities at the time the search was conducted. (*Doc. No. 16, Exhs. 2-4.*)

Defendant Mosley maintains that incoming mail not marked as legal mail is opened and inspected prior to distributing such mail to inmates. She maintains that she did not instruct mail clerk Sharon Blakely or any other correctional officer to open an inmate's legal mail outside of the inmate's presence. Ms. Blakely confirms that she was never instructed by Warden Mosley to open Adams' legal mail. (*Doc. No. 16, Exhs. 1, 5.*)

*A. Injunctive Relief*

Adams is no longer incarcerated at the Easterling Correctional Facility. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself

show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Adams is no longer housed at Easterling his request for injunctive relief has been rendered moot.

*B. The Retaliation Claim.*

To present a retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir. 1986); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2nd Cir. 2004); *Morales v. Mackalm*, 278 F.3d 126, 131 (2nd Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Proper assertion of a claim for retaliation requires that a prisoner allege that correctional officials intended to retaliate for his exercise of a right protected under the Constitution and, but for the retaliatory motive, the adverse act complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). It is essential, however, that federal courts "carefully scrutinize retaliation claims" brought by prisoners challenging actions of correctional personnel. *Id*. at 1166. "[C]ourts must approach prisoner claims of retaliation with skepticism and particular care. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2nd Cir. 1983). This is [necessary because prisoners'] ... claims of retaliation are ... easily fabricated

5

[and] pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official--even those otherwise not rising to the level of a constitutional violation--can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that prison officials retaliated against the inmate. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Merely alleging the ultimate fact of retaliation, however, is insufficient. *Cain v. Lane*, 857 F.2d 1139, 1142, n.6 (7th Cir. 1988); *Woods*, 60 F.3d at 1166. Additionally, conclusory allegations are insufficient to demonstrate the existence of each element requisite to establishing retaliation. *Morales*, 278 F.3d at 131; *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (Because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations."). If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and worthy of credence. The prison official has a burden of

6

production, not of persuasion, and thus, does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine*, 450 U.S. at 254-55. Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court by sufficient and admissible evidence that the proffered reason for the adverse decision is a pretext for retaliation. *Id*. at 256.

Adams asserts that Defendants Keeton and Dennis conducted a random search of his locker box in retaliation for his filing a lawsuit against Defendant Mosley. Nevertheless, Defendants have demonstrated through relevant admissible evidence that the adverse action about which Adams complains resulted solely from a random institutional shakedown and that at the time of the search, they were not aware of any litigation Adams may have had pending against Warden Mosley. Adams offers only his conclusory allegation that Defendants acted in a retaliatory manner. As this court must "carefully scrutinize retaliation claims" arising from adverse actions of correctional personnel, *Woods*, 60 F.3d at 1166, and evaluate such claims "with skepticism and particular care[,]" *Dawes*, 239 F.3d at 491, it is clear that Adams' conclusory allegation of retaliation is insufficient to show that the reason proffered by Defendants for the random shakedown of Adams' property is pretextual. Consequently, Defendants are entitled to summary judgment on this retaliation claim as Adams has failed to present any evidence which establishes a causal relationship between his protected activities and the challenged adverse action. *Farrow*, 320 F.3d at 1249.

With regard to Adams' claim of retaliation against Defendant Stewart as presented in

7

the amended complaint, the court concludes that such claim likewise does not entitle Adams to any relief. While prison officials may not retaliate against inmates for filing lawsuits, *Farrow,* 320 F.3d at 1248, as noted, broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983. *See Laurie v. Ala. Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman,* 208 F.3d 940, 944 (11th Cir. 2000) (a "heightened pleading requirement [is] applicable to section 1983 actions against individual government officials").

Here, Adams states that as a result of filing the instant complaint, Defendant Stewart verbally threatened him on July 13, 2006 by stating "he would get Plaintiff." Adams fails, however, to indicate what, if any, deterrence this verbal threat had on the exercise of his First Amendment rights. *See Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir. 2005) (holding that "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights). Instead, Adams merely submits a general, conclusory allegation that Defendant Stewart verbally threatened him because he filed the instant action. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights ... actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and

conclusory"). *See also Larken v. Perkins,* 22 Fed. Appx. 114, *1 (4th Cir. October 29, 2001) (unpubl.) (noting that the district court properly found a party's "own, self-serving affidavit[s] containing conclusory assertions and unsubstantiated speculation . . .insufficient to stave off summary judgment."); *Ross v. Communications Satellite Corp.,* 759 F.2d 355, at 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56."). This is insufficient to state a viable retaliation claim and Defendant Stewart is, therefore, entitled to summary judgment.

*C. The Mail Claim*.

Adams complains that Warden Mosley had the mail clerk open legal which he received on July 14, 2006. The court understands Adams to allege that his legal mail had been opened outside of his presence pursuant to Warden Mosley's direction. Warden Mosley's assertion that she did not direct the mail clerk or any other correctional employee to open any inmate's legal mail without the inmate being present goes undisputed. (*Doc. No. 16, Exh. 1*.)

While interference with legal mail implicates an inmate's rights of access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution, Adams has failed to demonstrate that Warden Mosley instructed any correctional employee to open his legal mail outside of his presence. Even if Adams experienced an isolated incident of having his legal mail opened outside of his presence, such would be insufficient to establish a constitutional violation. *See Berger v. White*, 12

Fed.Appx. 768, 771 (10th Cir. 2001) ("isolated incidents of opening constitutionally protected legal mail, 'without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997) (same); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (same); *see also Stevenson v. Koskey,* 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of an inmate's legal mail, while not to be condoned, constitutes mere negligence and does not rise to the level of a constitutional rights violation cognizable under 42 U.S.C. § 1983). In light of the foregoing, Defendant Mosley is due to be granted summary judgment on this claim.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by Defendants (*Doc. No. 16*) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 23, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of April 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE